Per Curiam.

In opposition to the prayer for this writ of mandamus, respondent has advanced many reasons as to why relator has no power to construct turnpike No. 1 at the location where it proposes to construct it. Such reasons might be advanced in support of a claim for relief which might be asserted by respondent in some other legal proceeding. Likewise such reasons might be considered in determining whether the- relief sought in the instant case should be granted, if there were not more obvious reasons for denying that relief. However, in deciding this case we do not deem it necessary to consider the soundness or unsoundness of any of those reasons.
After considering the allegations of the petition, it is obvious that the writ of mandamus prayed for will not be issued unless the law specially enjoins upon respondent a duty to advise relator of the location deemed by respondent most favorable for the public road and the sewer and water facilities in Elyria, which relator alleges it is necessary to relocate in the con *366 struction of Turnpike Project No. 1. As the basis for such a duty, relator relies entirely upon those provisions of Section 5537.05, Revised Code, which read:
“If the commission finds it necessary to change the location of any portion of any public road, state highway, railroad, or public utility facility, it shall cause the same to be reconstructed at such location as the division of government having jurisdiction over such road, highway, railroad, or public utility facility deems most favorable.”
These statutory words do impose upon relator the duty in the instant case, where it has found “it necessary to change the location of” this public road and these sewer and water facilities, to ‘ ‘ cause the same to be reconstructed at such location” as respondent “deems most favorable.” However the words of the statute do not impose any duty upon respondent to advise relator of the location deemed by respondent to be most favorable. The statutory language relied upon confers upon the respondent a privilege of which it may or may not avail itself. However, it imposes upon respondent no duty to do anything.
In our opinion therefore the allegations of the petition do not justify the issuance of a writ. Since the demurrer to the amended answer searches the record, the demurrer must be sustained as to the petition and the writ denied.

Writ denied.

Weygandt, C. J., Middleton, Taet, Hast, Zimmerman, Stewart and Lamneck, JJ., concur.